NUGENT, WEINMAN, ABBENE & ALCOCK, APC
K. Todd Curry (149360)
1010 Second Ave., Suite 2200
San Diego, CA 92101
Telephone: (619) 236-1323
Facsimile:   (619) 238-0465

Attorneys for Defendant Eddie Saul Mendelsohn

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EDDIE SAUL MENDELSOHN<br><br>Debtor.<br><br>(Case No. 06-00704-JH7)<br><br>---<br><br>ELAINE YAFFE, TRUSTEE OF THE ELAINE YAFFE-BLUMENTHAL LIVING TRUST<br><br>Plaintiff,<br><br>v.<br><br>EDDIE SAUL MENDELSOHN<br><br>Defendant. | ADVERSARY NO. 06-90348-JHAD<br><br>CHAPTER 7<br><br>RESPONSE BY DEFENDANT EDDIE SAUL MENDELSOHN TO AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |

/ / /

/ / /

Defendant Eddie Saul Mendelsohn ("Defendant") responds to the Amended Complaint to Determine Dischargeability of Debt ("Amended Complaint") as follows:

## ANSWER

1. Responding to paragraph 1 of the Amended Complaint, Defendant admits that this action is a core proceeding.

2. Paragraph 2 of the Amended Complaint requires no response.

3. Responding to paragraph 3 of the Amended Complaint, Defendant admits that jurisdiction and venue are proper in this Court.

4. Responding to paragraph 4 of the Amended Complaint, Defendant admits that plaintiff is the holder of a claim against Defendant that arose before the filing of the petition. Defendant is without sufficient information to determine the exact amount of plaintiff's claim. Defendant admits that plaintiff's claim is listed in Defendant's bankruptcy schedules. Defendant denies any remaining allegations of paragraph 4.

5. Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7. Responding to paragraph 7 of the Amended Complaint, Defendant denies that plaintiff's claim arises from a loan obtained by Defendant on July 16, 2002. Plaintiff's claim arises from a series of loans made before July 16, 2002. Such loans were consolidated into a promissory note dated on or about July 16, 2002. Defendant denies that a copy of such promissory note is attached as an exhibit to the Amended Complaint. Defendant admits that the indebtedness owed to plaintiff was reduced to judgment in or around November 2003. Defendant denies that a copy of such judgment is attached as an exhibit to the Amended Complaint. Defendant admits that an abstract of judgment was recorded with the Los Angeles County Recorder. Defendant denies any remaining allegations of paragraph 7.

///

///

8.  Responding to paragraph 8 of the Amended Complaint, Defendant admits that he failed to make payments as required pursuant to an agreement between plaintiff and Defendant. Defendant is without sufficient information to determine the exact amount of plaintiff's claim. Defendant denies the remaining allegations contained in paragraph 8.

9.  Responding to paragraph 9 of the Amended Complaint, Defendant denies that any credit was extended on or about July 16, 2002, as credit was extended before that time. Plaintiff was aware of the times when Defendant was the sole owner of the shares of San Diego Pallets, Inc., when those shares were pledged / encumbered, when they were foreclosed upon, and when Defendant purchased them back. Defendant denies the remaining allegations of paragraph 9.

10. Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses, which are made on information and belief:

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

///
///
///

## Second Affirmative Defense

By reason of plaintiff's acts, conduct, and omissions in connection with the allegations contained in the Amended Complaint, the claims alleged in the Amended Complaint are barred in their entireties pursuant to the doctrine of estoppel.

## Third Affirmative Defense

By reason of plaintiff's unreasonable and prejudicial delay in asserting the claims alleged in the Amended Complaint, such claims are barred in their entireties pursuant to the doctrine of laches.

## Fourth Affirmative Defense

By reason of the conduct of plaintiff and/or his predecessor(s) in interest relating to the claims alleged in the Amended Complaint, such claims are barred in their entireties pursuant to the doctrine of unclean hands.

## Fifth Affirmative Defense

Plaintiff's claims are barred by the applicable statue(s) of limitations.

## Sixth Affirmative Defense

By virtue of the acts, conduct, and/or omissions of plaintiff in connection with the alleged agreements and events set forth in the Amended Complaint, the claims alleged therein are barred by the doctrine of waiver.

## Seventh Affirmative Defense

Plaintiff failed to exercise reasonable care and diligence to reduce and minimize her alleged damages, if any. As a result, plaintiff cannot recover for any losses which could have been prevented by reasonable efforts on her part. Plaintiff's recovery, if any, must be reduced in proportion to the amount attributable to her failure to mitigate her alleged damages.

## Eighth Affirmative Defense

Plaintiff and/or others failed to exercise ordinary care on her own behalf or are otherwise liable for plaintiff's alleged damages, injuries, and/or losses, if any. Any and all events and

/ / /

/ / /

/ / /

4

1  happenings in connection with the occurrences and damages alleged in the Amended Complaint, if
2  any, were proximately caused and contributed to by the negligence or fault of plaintiff and/or others.
3  As a result, plaintiff's right, if any, to recover from Defendant, should be diminished in an amount
4  that is in direct proportion to plaintiff's and/or others' fault or failure to exercise due care.

### Ninth Affirmative Defense

6  Some or all of the claims alleged in the Amended Complaint are barred because the alleged
7  conduct upon which such claims are based was privileged, in that, among other things, plaintiff
8  consented to the alleged actions on the part of Defendant and/or others that purportedly gave rise to
9  plaintiff's alleged damages.

### Tenth Affirmative Defense

11  The alleged agreement(s) and/or other alleged obligations referred to in the Amended
12  Complaint are indefinite and uncertain in their terms and therefore are void and/or unenforceable.

### Eleventh Twelfth Affirmative Defense

14  The alleged agreement(s) and/or other alleged obligations referred to in the Amended
15  Complaint have been or may be rescinded and/or revoked, and/or they are otherwise legally
16  unenforceable.

### Twelfth Affirmative Defense

18  Plaintiff lacks standing and/or other legal capacity to bring the causes of action set forth in
19  the Amended Complaint.

### Thirteenth Affirmative Defense

21  Defendant intends to rely upon other affirmative defenses as may become available or
22  apparent during discovery proceedings in this case and hereby reserves his right to amend this
23  Response to assert other affirmative defenses.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiff take nothing by way of the Complaint;
2. For costs of suit;
3. For attorneys' fees if appropriate; and
4. For such other and further relief as may be just and proper.

Dated: August 7, 2006

NUGENT, WEINMAN, ABBENE & ALCOCK, APC

By: *K. Todd Curry* (signature)
K. Todd Curry
Attorneys for Eddie Saul Mendelsohn